**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **Glynndeavin von Fox,** ) | Case No. 2:16-cv-227-RMG-MGB |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **The State of South Carolina, and** ) | |
| **Solicitor Scarlett A. Wilson,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

Pending is the *pro se* Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" ("IFP"). (DE# 3). In the nineteenth of many civil actions filed recently in this Court,[1] Plaintiff sues the State of South Carolina and Solicitor Scarlett A. Wilson. Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge.[2] Upon review, the Magistrate Judge recommends that the Plaintiff's motion to proceed IFP be **denied** and that the case be **summarily dismissed** for the following reasons:

**I. Relevant Law**

    **A. Liberal Construction for *Pro se* filings**

This Court is required to liberally construe *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v.*

---

[1] See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16-cv394.

[2] The Fourth Circuit Court of Appeals recently held that an order denying leave to proceed IFP is the "functional equivalent" of a dismissal, and thus, is outside the scope of a magistrate's authority. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished).

*Rowe*, 449 U.S. 5 (1980) (per curiam). ). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Applications to Proceed IFP

A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Adkins*, 335 U.S. at 339. If a court determines at any time that the allegation of poverty in an IFP application is not true, then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *and see, e.g., Justice v. Granville Cty. Bd. of Educ.,* 2012 WL 1801949 (E.D.N.C. May 17, 2012) ("dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue"), *affirmed by*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert. denied*, 133 S.Ct. 1657 (2013); *Berry v. Locke*, 2009 WL 1587315, *5 (E.D.Va. June 5, 2009) ("Even if Berry's misstatements were made in good faith, her case is subject to dismissal because

her allegation of poverty was untrue"), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009). Prior to statutory amendment in 1996, courts had discretion to dismiss a case if it determined that an allegation of poverty was untrue. *See Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The 1996 amendment changed the words "may dismiss" to "shall dismiss." Mandatory dismissal is now the majority view, and district courts in the Fourth Circuit have adhered to the majority view. *See, e.g., Justice*, 2012 WL 1801949, *6 n.5; *Staten v. Tekelec*, 2011 WL 2358221, *1 (E.D.N.C. June 9, 2011); *Berry*, 2009 WL 1587315, *5.

## II. Discussion

### A. IFP Not Warranted Based on Plaintiff's Affidavit

In his IFP motion dated January 22, 2016, Plaintiff indicates that he is employed by "Fox Consulting Firm" and that his "take-home pay or wages" are $1,200.00 monthly. (DE# 3, ¶ 2). On the printed form, he checks boxes indicating that in the past 12 months, he has received income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (d) disability or worker's compensation payments; and (e) gifts or inheritances. (*Id*. ¶ 3). He did not check boxes (c) and (f). Plaintiff explains that the amount he received for (a) was $50.00; (b) $1,200.00; (d) $1,200.00; and (e) $500.00. (*Id*.). He indicates that he has $400.00 in his bank account. (*Id*. ¶ 4). [3] Plaintiff also indicates he has is "real estate and stocks" valued at $140,000.00. (*Id*. ¶ 5). Plaintiff indicates that he has no expenses for "housing, transportation, utilities, or loan

---

[3] In the many different cases filed by Plaintiff in this Court so far in 2016, his different IFP motions indicate bank account balances between $1,000.00 and $300.00. The Court may properly take judicial notice of such records. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"). Additionally, the Court takes judicial notice of the fact that Plaintiff has filed numerous cases in the state courts, which have also denied him permission to proceed IFP and summarily dismissed the cases. *See, e.g.,* Charleston County Circuit Court Case Nos. 2016CP1000297; 2016CP1000320; 2016CP1000321; 2016CP1000322; 2016CP1000352; 2016CP1000515; 2016CP1000516.

payments, or other regular monthly expenses" and has "no debts or other financial obligations." (*Id.* ¶¶ 6, 8).

Plaintiff indicates he has monthly income of $1,200.00, assets of $140,000.00, and no debts, which indicates that he has the ability to pay the filing fee in this case (and other cases). *See Justice,* 2012 WL 1801949, *3 (denying IFP status where plaintiff indicated he owned real and personal property with a total value of $113,500.00 because "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case"). Based on the record presently before the Court, it appears that Plaintiff can pay the filing fee in this case. (*Id*. at *5, "the court does not agree that plaintiff is actually impoverished," thus denying IFP status and dismissing four civil lawsuits by the same *pro se* plaintiff). This case should therefore be dismissed. 28 U.S.C. § 1915(e)(2)(A); *see also Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir.2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Justice,* 2012 WL 1801949 at *6 n. 5.[4]

### B. The Complaint is Frivolous, Fails to State a Claim, and Attempts to Sue Parties Protected by Immunity

The Complaint is also subject to dismissal because it is frivolous and fails to state a claim for which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i, ii).[5] The United States Supreme Court has explained that a "complaint must contain sufficient factual matter, accepted as true, to

---

[4] When denying leave to proceed IFP, the dismissal may be with or without prejudice, in the court's discretion. See *Staten*, 2011 WL 2358221, *2 (indicating that dismissal with prejudice "for an untrue allegation of poverty … is appropriate only when the applicant intentionally misrepresented his … financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness"); *Berry*, 2009 WL 1587315, *5 (same, citing *Thomas*, 288 F.3d at 306-308); *In re Sekendur*, 144 F. App'x at 555 (7th Cir. 2005) ("a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion"). While Plaintiff appears "litigious," the record does not establish that Plaintiff "intentionally misrepresented his financial condition." Rather, the facts in his affidavit simply do not indicate that he is entitled to proceed IFP. Hence, dismissal without prejudice may be appropriate.

[5] The United States Supreme Court has observed that courts possess the inherent authority to dismiss a frivolous case, even in cases where a plaintiff has paid the filing fee. *Mallard v. U.S. District Court*, 490 U.S. 296, 307-308 (1989).

'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S 319, 325 (1989).

Plaintiff's allegations, even when liberally construed, lack an arguable basis either in law or in fact.[6] Plaintiff alleges no facts that could be reasonably construed as stating a plausible claim. The Complaint's allegations are nonsensical and appear to be the "ramblings of a troubled mind." *See, e.g., Arledge v. Hall,* 2006 WL 1518915, *1 (S.D.Ga. May 31, 2006) ("these various complaints are utterly fanciful and are clearly the product of a troubled mind that is … having difficulty grappling with reality"). For example, Plaintiff states:

> The first issue that I have with Solicitor Scarlet Wilson of the 9th District of South Carolina is with the issue in a Pre-Trial Intervention program, and the harassment of national origin regarding my name with the case manager Ty Falconer. This was done on the 10th of November, 2015 in an official document by the solicitor's office regarding my Prussian/Hessian/Bavarian/Swiss name. The document that was given to the case manager…was my United States passport …. I have no idea what the issue is regarding the Prussian/Hessian/Bavarian/Swiss name that I have, and with the amount of German business that this state does with Germany it baffles my (sic) to understand the constant harassment that I have to take over my name.

(DE# 1 at 4).

For his second "issue," Plaintiff alleges that he gave his application to the "blonde haired case manager" and that she "looked it over and gave a few suggestions." (DE# 1 at 4). Plaintiff does not identify what sort of application he is referring to. He concludes: "I was intimidated and

---

[6] "PTI" is an abbreviation for pre-trial intervention. See SC, Section 17-22-30. A state records check reflects that Plaintiff was arrested on January 5, 2013, on criminal charges, including assault on a police officer (SC statute 16-3-630a) and throwing of bodily fluids (SC statute 24-13-470).

felt that there was interferences with a legal process, a federal service, and state and local service."

(*Id*.). Next, Plaintiff alleges (in his own words) that:

> The third issue that I have with the Solicitor's officers is with Ty Falconer and the intimidation, legal advice, trickery, interference, practicing medicine without a license toward anger counseling diagnosis in order to influence a court trial, stopping a federal service (As the state receives funding from the Department of Justice. Like the recent body camera provision.), stopping a state and local service based on manipulation, and intimidation over Japan legal issues.

(DE# 1 at 5, punctuation and grammar as in original). Plaintiff complains that Mr. Falconer "started to tell me the requirements of the PTI program" and "stated that I would need to attend anger management counseling for an issue that I have a medical doctor and PhD test me with…" (*Id*.). He alleges that Mr. Falconer would not show him the requirements in writing. He complains that "the meeting turned into an attempt to say that I was being unreasonable to the request of the solicitor's office." (*Id*. at 6).

For his fourth "issue," Plaintiff complains about the "requirement to continue to take medication that I have a common plea in with the State of South Carolina." (*Id*. at 6). He says he has an issue with "the act of fraud, intimidation, interference, and possible accessory to attempted murder through medication." He insists that "I have numerous human witnesses that state that I am operating in a normal capacity, and the medical doctor even started scheduling my removal off of medication for dreams, and medical visits that were not a requirement for counseling" (*Id.* at 7). He complains that the solicitor considers him "an animal through understanding of tracking me down to conduct a doctor's visit that I have already informed her office of the federal violation of HIPPA rights toward the switching of physicians." (*Id.*). In a supplemental filing (DE# 7), Plaintiff also complains of alleged HIPPA violations and the refusal of the "9th District Solicitor" to allow

him to travel. He appears to be complaining that he had to surrender his passport as part of the PTI program.

Although Plaintiff appears to allege violation of the Health Insurance Portability and Accountability Act ("HIPAA"), it is well-settled that such statute provides <u>no private right action</u>. *See, e.g., Yarborough v. King,* 2011 WL 5238920, *5 (D.S.C. October 3, 2011), *adopted by* 2011 WL 5151757 (D.S.C., Oct. 31, 2011) (summarily dismissing complaint for failure to state a claim); *Mallgren v. Burkholder*, 52 F.Supp.3d 490 (E.D.N.Y. Oct. 8, 2014) (same). HIPAA regulations are enforceable by the Secretary of Health and Human Services, and do not provide a private cause of action to individuals. 42 U.S.C. § 1320d–6(a)(2).

Additionally, Plaintiff is suing parties who have immunity from suit. He sues Solicitor Scarlett Wilson for monetary damages.[7] He names Solicitor Wilson as the defendant, but refers to Assistant Solicitor Stephanie Linder in his Complaint. Plaintiff appears to be complaining about the requirement that he take medication as part of his PTI program. Prosecutors, such as Solicitor Wilson and Asst. Solicitor Linder, are immune from claims for monetary damages under § 1983 for acts taken in their prosecutorial role. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor … which occur in the course of h[er] role as an advocate for the State, are entitled to the protections of absolute immunity."); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors have immunity for performing functions "intimately associated with the judicial phase of the criminal process"); *Nivens v. Gilchrist*, 444 F.3d 237, 249-50 (4th Cir. 2006) (same); *Redden v. McMaster*, Case No. 8:08-2845-CMC-BHH, 2008 WL 4458877, *3 (D.S.C. Sept. 29, 2008) (holding that prosecutors "have absolute immunity for activities in or

---

[7] Plaintiff has also unsuccessfully sued Solicitor Wilson in state court. See Charleston County Circuit Court Case No. 2016CP1000352 (dismissed on February 1, 2016). Plaintiff filed another case against Solicitor Wilson a few days later on February 5, 2016. See Charleston County Circuit Court Case No. 2016CP1000635.

connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings").

Plaintiff also names the State of South Carolina as a defendant. The State of South Carolina is protected from suit by the Eleventh Amendment. The United States Supreme Court has repeatedly held that "an unconsenting State is immune from suits brought in federal courts by her own citizen." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Such immunity extends to arms of the state, including a state's agencies and courts. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984). The State of South Carolina is protected from Plaintiff's claims by the Eleventh Amendment. *Alden v. Maine*, 527 U.S. 706, 712–13 (1999). South Carolina has not consented to suit in federal district court. S.C.Code Ann § 15–78–20(e). *Davis v. Wilson*, 539 F.App'x 145 (4th Cir.(S.C.), Sep. 4, 2013), *cert. denied*, 134 S.Ct. 940 (2014).

Even liberally construing the Complaint, and taking any nonconlusory allegations as true, this case is subject to summary dismissal. *See, e.g., Cabbil v. United States*, Case No. 1:14-cv-04122-JMC-PJG, 2015 WL 6905072, *1 (summarily dismissing without prejudice on multiple grounds, including that Plaintiff was not entitled to proceed IFP, and that the allegations of the Complaint were legally and factually frivolous); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C. Sept. 5, 2013) (dismissing case on multiple grounds, including that Plaintiff was not entitled to proceed IFP, and that the allegations of the Complaint were frivolous and failed to state a claim for relief). As the Plaintiff has not stated a claim that arises under federal law, the Court also appears to lack federal question jurisdiction. See 28 U.S.C. § 1331.

### C. Plaintiff Requests relief that is unavailable or inappropriate

Finally, the *pro se* Plaintiff seeks relief that is unavailable or inappropriate. (DE# 1 at 10, "What I Would Like the Court to Do"). He seeks "the amount of 15.7 million USD in a JP Morgan

Wealth Management account and 2.5 million donated to the Santee (Sante) Indian Tribe of South Carolina I 501c3 charity….or 15.7 million in a real estate purchase in the Four Seasons luxury penthouse condos at 220 Boylston Street in Boston, Massachusetts." This Court does not award wealth management accounts or real estate as damages.

### III. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis"* (DE# 3) be **denied**, and that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

February 12, 2016  
Charleston, South Carolina

_____  
MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

The plaintiff's attention is directed to the *Important Notice* on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).